UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| QUINCETTA Y. CARGILL, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> JAIL ADMINISTRATOR HOUSE, ) <br> et al., ) <br> ) <br> **Defendants.** | Civil Action Number <br> 2:18-cv-0344-AKK-HNJ |

## MEMORANDUM OPINION AND ORDER

The magistrate judge filed a report on March 27, 2019, recommending that the plaintiff's medical claim against Dr. Gurley be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief can be granted, and that Dr. Gurley be dismissed as a defendant in this action. Doc. 22. The magistrate judge further recommended that the plaintiff's excessive force claim against Clay County Jail Administrator House and Clay County Officer Spence be referred to him for further proceedings.

The plaintiff filed objections on April 10, 2019. Doc. 23. The gist of her lengthy objections is that Dr. Gurley failed to run a sufficient number of tests to adequately diagnose the extent of any "suspected fractures or other injuries" she may have incurred as a result of the incident made the basis of her excessive force claim in this action. *Id*. at 19. In that regard, our courts have recognized that a

prison medical professional is free to exercise his or her own independent professional judgment and that an inmate is not entitled to a particular course of treatment. S*ee Freeman v. Department of Corrections*, 447 F. App'x 385, 389 (3d Cir. 2011) ("[C]ourts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment, which remains a question of sound professional judgment.") (*quoting Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.1979)) (internal alterations and quotations omitted); *Smith v. Florida De'pt. Of Corrections*, 375 F. App'x 905, 910 (11th Cir. 2010) ("[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (*quoting Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995)). In other words, a mere difference of opinion between an inmate and the prison medical staff as to treatment or diagnosis will not, alone, give rise to a cause of action under the Eighth Amendment. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). In this instance, the magistrate judge properly concluded that the plaintiff's complaint fails to establish either the objective or the subjective components of an Eighth Amendment medical claim. The plaintiff's objections are therefore without merit.

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Therefore, in accordance with 28 U.S.C. § 1915A(b)(1), the plaintiff's medical claim against Dr. Gurley is **DISMISSED WITHOUT PREJUDICE** for failing to state a claim, and Dr. Gurley is **DISMISSED** as a defendant from this action. The remaining excessive force claim against the Clay County Defendants, Jail Administrator House and Officer Spence, is referred to the magistrate judge for further proceedings.

**DONE** the 19th day of April, 2019.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE