# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **QUINCETTA Y. CARGILL,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | **2:18-cv-00344-AKK-JEO** |
| **JAIL ADMINISTRATOR HOUSE,** ) | |
| **ET AL.,** ) | |
| ) | |
| **Defendants.** | |

## **ORDER**

The magistrate judge filed a report recommending that the court construe the defendants' motion for summary judgment, *see* docs. 57; 61,[1] as a motion to dismiss and grant the motion, dismissing Cargill's complaint without prejudice pursuant to 42 U.S.C. § 1997e(a) for failing to exhaust administrative remedies. Doc. 65. Alternatively, the magistrate judge recommended that the court grant the motion for summary judgment and dismiss the action with prejudice. *Id.* Cargill objected to both recommendations. Doc. 66.

Cargill objects to the magistrate judge's finding related to the failure to exhaust her administrative remedies, stating for the first time that she complained about the conduct when she arrived at the Shelby County jail. *Id.* at 1-4; *see* doc. 60.

---

[1] The magistrate judge previously construed Defendants' special report, doc. 57, as a motion for summary judgment. *See* doc. 61.

But, even assuming this fact is true, that is not the same thing as filing a grievance at or with the Clay County jail where the alleged conduct occurred. Cargill belatedly asserts that the Clay County complaint kiosk operating hours "usually end at 10:00pm and begin against at approx[imately] 8:00am" but transport "occurs usually between the hours of 4:30am and 5:30am," and that she assumed the jail had "constructive knowledge" of her contentions. Doc. 66 at 3. To the extent that Cargill is implying that she did not have an opportunity to file a grievance between the incident and her transport, the magistrate judge accounts for this inference: Cargill knew how to use the grievance process, having "submitted two inmate request forms" during her custody at Clay County Jail, and the Clay County grievance policy allows "[g]rievances of any emergency nature [to be] made orally." Doc. 65 at 11. As the magistrate judge found, Cargill "provides no reason for not following [the grievance policy]," including after her transfer to Shelby County. *Id.* Her claims are due to be dismissed for failure to exhaust administrative remedies.[2]

After careful consideration of the record in this case, including the magistrate judge's report, the court hereby **ADOPTS** the magistrate judge's report and

---

[2] Cargill would likely also fail at the summary judgment stage as she did not show "that the use of force was objectively unreasonable and not related to legitimate penological and security interests." Doc. 65 at 18. Cargill does not address this finding in her objections, instead attempting to allege new facts that she contends "were left out of the investigation and were expected to be disclosed by the Clay County Jail." Doc. 66 at 7. Because the court will dismiss the action for failure to exhaust, it need not reach the merits of Cargill's claim.

**ACCEPTS** his recommendation. Defendants' motion to dismiss, doc. 57, is **GRANTED** and the case is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust her administrative remedies.

**DONE** the 30th day of June, 2020.

                                       **ABDUL K. KALLON**
                                 UNITED STATES DISTRICT JUDGE